[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Michelle Hurteau, and the defendant intermarried on August 14, 1982 at Guilford, Connecticut.
The plaintiff has resided continuously within the State of Connecticut for at least one year prior to the date of this complaint.
There is one minor child born to the plaintiff since the date of the marriage, Ashley E. Sears, born December 24, 1985. No other minor children had been born to the plaintiff since the date of her marriage to the defendant.
Neither the State of Connecticut nor any other governmental agency is contributing or has contributed to the support and/or maintenance of either party to this lawsuit.
The plaintiff claims relief by virtue of an order of dissolution of marriage and/or custody and equitable distribution of their marital assets and alimony and support.
Based upon the relevant, admissible and credible evidence presented to the court during the course of the trial and all the inferences reasonably drawn therefrom, this court makes the following findings of fact and conclusions of law. CT Page 13462
The parties are both in good to excellent health. He has been employed for a long period of time in the communications field and she is in the healthcare field as a healthcare provider. He has demonstrated over the period of the marriage a very substantial earning capacity and the evidence indicates that he has earned in the years 1994 through 1998 sums ranging from $118,760.00 to $161,329.00. The orders hereinafter entered, taking into account the statutory scheme as laid out in connection with the entry orders for alimony support and property distribution are based upon the court finding that the defendant herein has an earning capacity of $135,000.00 a year.
The initial period of the marriage of these parties was indeed a happy one but soon there rose to the surface a problem with the defendant's drinking. He was apparently a heavy drinker and also addicted to softball which he played 4 or 5 times per week and this caused a great emotional strain with the plaintiff.
Although the softball matter was somewhat resolved, the drinking has remained a serious problem throughout the course of the marriage, leading to an incident for the defendant being arrested for driving while intoxicated and indeed being involved in another accident. The parties separated on October 4, 1999 and the precipitating incident was that the plaintiff discovered the defendant on the Internet talking with a woman and concerning exchanging of photographs. There was an ensuing argument and the defendant left the home the following day. During the course of the marriage, the child of this marriage has been a substantial problem to her parents. At one point they were getting calls from the school nurse to come and get her at least 5 times per week and the mother was required to handle most of these incidents which impaired her ability to maintain outside employment. The parties have very differing ideas on rearing methodologies with their problem daughter and this has also added an additional strain to an already tenuous marriage.
The court concludes that the marriage has broken down irretrievably and that the causes for the breakdown of this marriage are substantially the result of the conduct of the defendant.
A decree is entered dissolving the marriage.
The orders of custody and access are entered in accordance with a parenting plan filed with the court on August 31, 2000.
Counsel for the plaintiff is ordered to prepare a typewritten original of said order incorporating all the changes that the parties place thereon which may be attached to this memorandum when filed as a part CT Page 13463 hereof
As previously indicated, the parties will share joint, legal and physical custody of the minor child pursuant to the parenting plan as referenced above.
The defendant shall pay to the plaintiff the sum of $400.00 per week as periodic alimony while he is paying child support during the approximate next 3 years. When his obligation to pay child support ceases, thereafter he shall pay to the plaintiff the sum of $600.00 per week as alimony for a period of 6 years. Said alimony order shall be non-modifiable as to amount or duration. This period of time is deemed reasonable to allow the plaintiff to maximize her earning capabilities. Said alimony shall terminate upon the death of either party or the remarriage of the plaintiff.
The defendant shall pay to the plaintiff the sum of $280.00 per week as child support based upon his earning capacity as hereinbefore stated and, in addition, the defendant shall pay 68% and the plaintiff shall pay 32% of all the child's un-reimbursed health or dental expenses pursuant to the state guidelines. In view of the statutory criteria and the court's finding with respect to the causes for the breakdown of the marriage, the court allocates the marital assets on the basis of 65% to the plaintiff and 35% to the defendant. The plaintiff shall receive and/or retain 65% of the CTC stock in the defendant's name as well as the CTC stock in her own name, the VION stock, the NOVAMETRIX stock, 55% of the joint AmEx Mutual funds, the marital home and contents, the timeshare at Waters' Edge, the 1999 Jeep, the AmEx IRA in her name, her pension with the Middlesex Health Systems, the funds in her savings and checking accounts at Liberty Bank, 55% of the defendant's Nationwide IRA and the cash value of her life insurance as set out in her proposed division of assets.
The defendant shall receive and retain 35% of the CTC stock in his name, his settlement with the Connecticut Department of Labor, the lease to the Chrysler Concorde, the 1989 Chevy truck, 45% of his IRA with Nationwide, 45% of the joint AmEx Mutual Funds, his Telefonos stock, the funds deposited in his E-Trade account, the personal property in his possession, all as set forth in the proposed division of assets. These will be his absolutely free of any claims made by the plaintiff. Provided he is insurable at a reasonable cost, the defendant shall maintain a $250,000.00 life insurance and name of the plaintiff as irrevocable beneficiary and in a descending amount equal to the outstanding alimony obligation that remains.
Both parties shall name Ashley as irrevocable beneficiary of a CT Page 13464 $50,000.00 life insurance policy and neither shall borrow against said policies during the period of her minority. The defendant shall maintain the existing health and dental insurance for the minor child and for the plaintiff for a period of one year at his cost, and at his cost for the minor child during the period of her minority and/or his responsibility for child support. The parties shall divide the un-reimbursed medical and dental orthodontia and reasonable healthcare expenses pursuant to the percentages as set forth in the guidelines from time to time.
Both parties shall pay those debts on their respective financial affidavits. The plaintiff shall pay the mortgage, taxes and insurance on their marital home and shall indemnify the defendant thereon. All the right, title and interest in and to the marital home being confirmed herein and in the plaintiff. She shall also pay the car loan on the Jeep automobile and the maintenance fee on the timeshare and shall indemnify the defendant thereon.
The parties shall be equally responsible for any federal and state capital gains taxes on the liquidation of the $110,000.00 of CTC stock ordered by the court in January of 2000.
The defendant shall pay to the plaintiff an allowance toward counsel fees in the amount of $3,500.00. Each of the parties shall be responsible for one-half of reasonable expenses for the attorney for the minor child and the parties shall alternate claiming the minor child as a dependant for tax purposes, the plaintiff claiming the child in the year 2000 and alternating with the defendant thereafter. The parties shall retain the personal property in his or her possession with the exception with any agreements that they may have entered into with respect to specific items.
The defendant shall pay forthwith to the plaintiff 65% of the outstanding balance in this $7,500.00 IOU obligation. The defendant shall also pay forthwith any arrearage due on pendente lite orders of this court.
The plaintiff may resume using her maiden name, Hurteau, and the decree may enter dissolving the marriage along with the orders entered above.
It is so ordered.
HIGGINS, J.